UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMIE C. AUGUSTYN,

           Plaintiff,                              Case No: 12-13757

vs.                                              HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____/

**MEMORANDUM AND ORDER ADOPTING
REPORT AND RECOMMENDATION (Doc. 16),
DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT (Doc. 11)
AND GRANTING THE COMMISSIONER'S
<u>MOTION FOR SUMMARY JUDGMENT (Doc. 15)</u>**

### I. INTRODUCTION

This is a Social Security case. Plaintiff Amie C. Augustyn (Augustyn) appeals the final decision of the Commissioner of Social Security (Commissioner) denying her application for Social Security disability insurance and supplemental security income benefits. Augustyn claimed that she was disabled since May 29, 2009, due to learning disability, depression, anxiety, poor concentration and spatial issues.

The parties filed cross motions for summary judgment (Docs. 11, 15). The motions were referred to a magistrate judge (MJ) for a report and recommendation (MJRR). The MJ recommends that Augustyn's motion for summary judgment be denied and that the Commissioner's motion for summary judgment be granted. Augustyn filed timely objections to the MJRR (Doc. 17). For the reasons that follow, the Court will overrule Augustyn's objections, adopt the MJRR, deny Augustyn's motion for summary judgment (Doc. 11),

grant the Commissioner's motion for summary judgment (Doc. 15), and affirm the Commissioner's decision denying benefits.

## II. BACKGROUND

### A. Procedural History/Administrative Record

As the parties have not objected to the MJ's recitation of the procedural history and administrative record, the Court adopts that portion of the MJRR as if fully set forth herein. *See* (Doc. 16). A brief history of the procedural posture follows.

Augustyn applied for Social Security disability insurance and supplemental security income benefits on December 21, 2009 alleging an onset date of May 29, 2009.

On March 19, 2010, the Commissioner denied Augustyn's claims.

Augustyn requested a hearing. On June 28, 2011, Augustyn appeared with counsel before an administrative law judge (ALJ). At the hearing, Augustyn testified on her own behalf. In addition, James Fuller, a vocational expert (VE), offered testimony. In testifying, the VE responded to a hypothetical question posed by the ALJ.

On July 25, 2011, the ALJ issued a written decision denying Augustyn's claims. The ALJ opined that Augustyn was not disabled because she could perform available work.

On August 6, 2012, the Appeals Council denied Augustyn's request for review, rendering the decision of the Commissioner final. Augustyn appeals from that decision.

### B. The ALJ's Decision

The MJRR summarizes the ALJ's July 25, 2011 decision denying benefits:

> Plaintiff was born in 1976 and was 33 years of age on the alleged disability onset date and 35 years old at the time of the administrative hearing. Plaintiff's past relevant work included work as a sales attendant and as a merchandise displayer. The ALJ applied the five-step disability analysis to plaintiff's

claim and found at step one that plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, the ALJ found that plaintiff's learning disability, depression and anxiety were "severe" within the meaning of the second sequential step. At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meet or equal the severity of one of the listings in the regulations.

The ALJ concluded that plaintiff had no difficulties with communication and had the residual functional capacity to perform a full range of work at all exertional levels, but that she is limited to unskilled, simple one to two step tasks and she needs limited interaction with coworkers but is not restricted such that she would need constant supervision. At step four, the ALJ found that plaintiff could not perform her past relevant work. At step five, the ALJ denied benefits because she could perform a significant number of jobs available in the national economy.

(Doc. 16, pp. 3–4) (internal citations to record omitted).

### C. The Parties' Arguments on Summary Judgment

#### 1. Augustyn's Arguments

Augustyn makes two arguments in her motion for summary judgment. First, Augustyn argues that the ALJ failed to pose a complete and accurate hypothetical question to the VE accounting for her non-exertional limitations in a competitive work setting. Augustyn says that the question should have been more specific as to her concentrational limitations, and that the VE's response to a flawed hypothetical question cannot serve as substantial evidence under 42 U.S.C. § 405(g). Second, Augustyn contends that the ALJ erred in discounting her credibility. Augustyn says that the ALJ found that her self-reported symptoms of lack of concentration was not credible in part because she sought persistent treatment. Augustyn says that this was an improper finding. Therefore, Augustyn argues that the Commissioner's decision was not supported by substantial evidence.

### 2. The Commissioner's Arguments

The Commissioner's motion for summary judgment argues that the ALJ's hypothetical question to the VE properly accounted for all of Augustyn's limitations. In addition, the Commissioner argues that the ALJ was correct in finding that Augustyn's statements as to the intensity, persistence, and limiting effects of her symptoms was not entirely credible based on the evidence in the record.

### D. The MJRR

The MJRR rejects Augustyn's arguments. First, the MJRR explains that the ALJ's hypothetical question is supported by substantial evidence and accurately portrays Augustyn's physical and mental impairments. Citing to cases from this district, the MJRR explains that multiple courts have found hypotheticals similar to the one in this case adequate to account for moderate limitations in concentration, persistence, and pace. In addition, the MJRR explains that the ALJ reasonably relied on Dr. Czarnecki's[1] report, which concluded that Augustyn "'retains the mental capacity to sustain an independent routine of simple tasks[,] can tolerate and respond adequately to routine levels of coworkers and supervisor interaction[, and] is able to adjust to simple changes in routine,' despite her moderate difficulties in maintaining social functioning and maintaining concentration, persistence, or pace." (Doc. 16 at 28).

Next, the MJRR determines that the ALJ's credibility assessment of Augustyn is supported by substantial evidence. The MJRR explains that the ALJ's finding that Augustyn's persistence in pursuing treatment established her ability to maintain focus was

---

[1] Dr. Czarnecki was a non-examining psychologist.

only one credibility finding made by the ALJ. The ALJ also determined that Augustyn's lengthy work history undermined her credibility, as well as her ability to stop taking Adderrall in order to concentrate on graduate studies.

Thus, the MJRR recommends granting the Commissioner's motion for summary judgment, denying Augustyn's motion for summary judgment, and affirming the decision of the ALJ denying benefits.

### E. Augustyn's Objections to MJRR

Augustyn makes two objections to the MJRR. First, Augustyn contends that the MJ erred in concluding that the hypothetical question posed to the VE was proper. Augustyn says that the hypothetical question did not adequately describe her concentration and pace limitations. Second, Augustyn says that the MJ improperly affirmed the ALJ's finding that she was not entirely credible about the extent of her concentration limitations due in part to her persistence in pursuing treatment.

## IV. STANDARD OF REVIEW

### A. Objections to MJRR

A district court must conduct a de novo review of the parts of a MJRR to which a party objects. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* The requirement that district judges with life tenure conduct a de novo review and be the final arbiters of matters referred to a magistrate judge is jurisdictional. *United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985); *Flournoy v. Marshall*, 842 F.2d 875, 878 (6th Cir. 1987).

**B. Commissioner's Disability Determination**

Judicial review of a Social Security disability benefits application is limited to determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. *Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 399 (1938). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Sec'y of HHS*, 987 F.2d 1230, 1233 (6thCir. 1993); *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). The substantial evidence standard is deferential and "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

When determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must take into consideration the entire record as a whole. *Futernick v. Richardson*, 484 F.2d 647, 649 (6th Cir. 1973). If the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before the ALJ, *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993), regardless if the ALJ actually cited to the evidence. *Walker v. Sec'y of HHS*, 884 F.2d 241, 245 (6th Cir. 1989).

Nonetheless, there is no requirement that the reviewing court discuss all evidence in the record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x. 496, 508 (6th Cir. 2006). Essentially, the court's role is limited to search for substantial evidence that is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

## V. ANALYSIS

Augustyn's objections to the MJRR do not withstand scrutiny. The ALJ's decision denying benefits is supported by substantial evidence and, therefore, will be affirmed.

### A. The Hypothetical Question

Augustyn argues that the hypothetical question posed to the VE did not adequately account for her functional limitations. According to Augustyn, this amounts to reversible error. The Court disagrees.

The ALJ's hypothetical question to the VE stated:

> I want you to assume for me a younger individual with a college education, Bachelor's in Business Administration, no difficulties with communication with residual functional capacity to perform unskilled, simple, one, two-step work task activities. Limited interaction with coworkers but not restricted such that she would need to have supervision, if you understand what I'm saying?

(Doc. 9-2 at 63).

In response, the VE testified that there would be some assembly packaging, laundry, and dishwasher jobs available to Augustyn. (*Id.*).

The ALJ added the following to the hypothetical:

> Now, are there jobs in the unskilled, simple work where it's more like piecework, if you will, kind of thing as opposed to being on an assembly line where you have to meet some production, like you know, things are coming at you.

(*Id.*).

The VE responded that there would be jobs available as a ticket tacker in a parking lot and as a sweeper.

Augustyn argues that the hypothetical question was improper because it did not take into account Dr. Czarnecki's finding that she was moderately limited in her ability to maintain attention and concentration for extended periods, sustain an ordinary routine without special supervision, interact appropriately with the general public, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and respond appropriately to changes in the work setting. Augustyn is wrong.

The Sixth Circuit has held that a hypothetical question posed to a VE must accurately portray the claimant's physical and mental impairments. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010); *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629 (6th Cir. 2004). Where the ALJ finds that a claimant has deficiencies in concentration, persistence and pace, failure to account for such deficiencies in the hypothetical question constitutes reversible error. *Allen v. Comm'r of Soc. Sec.*, No. 09-13503, 2010 WL 3905983, at *5 (E.D. Mich. June 2, 2010) ("The failure to account for deficiencies in concentration, persistence and pace in the hypothetical question constitutes reversible error.") (citing *Bankston v. Comm'r*, 127 F. Supp. 2d 820, 826 (E.D. Mich. 2000)); *Badour v. Comm'r of Soc. Sec.*, No. 10-13280, 2011 WL 3320872, at *7 (E.D. Mich. July 18, 2011)

8

("The failure to account for moderate concentrational deficiencies constitutes reversible error.") (citing *Farley v. Comm'r of Soc. Sec.*, 820 F.2d 777, 779 (6th Cir. 1987)).

"The Sixth Circuit held that an ALJ's failure to include in a hypothetical question a finding that a claimant 'often' has difficulty concentrating is not a basis for remand when the hypothetical question adequately describes that claimant's limitations arising from a mental impairment." *Benton v. Comm'r of Soc. Sec.*, 511 F. Supp. 2d 842, 848-49 (E.D. Mich. 2007) (citing *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001)). The central inquiry is whether the ALJ's question adequately accounted for the claimant's concentration limitations. *Id.* at 859 (citation omitted).

In *Allen*, the court stated,

> The problem here is that the ALJ found explicitly that Plaintiff experienced moderate deficiencies in concentration, persistence, and pace. Despite this determination, he made no reference whatsoever to concentrational limitations in the hypothetical question. The VE's job findings, made in response to an incomplete set of limitations (by the ALJ's own account) does not constitute substantial evidence.

2010 WL 3905983, at *5 (citing *Teverbaugh v. Comm'r of Soc. Sec.*, 258 F. Supp. 2d 702, 706 (E.D. Mich. 2003)) (internal citations to record omitted). Similarly, in *Benton*, the court stated,

> Here, the ALJ found that although Plaintiff has a moderate deficiency in her ability to maintain concentration, persistence, and pace, she is able to perform simple, routine, repetitive work. However, the limitations included in the hypothetical question and the VE's testimony regarding the effect a lack of concentration has on jobs mentioned was insufficient to suitably accommodate Plaintiff's concentration limitations.

511 F. Supp. 2d at 849.

This case is different than *Allen* and *Benton*. Here, the ALJ, based on the record, made a credibility determination and rejected Augustyn's testimony that her limitations were as serious as she contended. Thus, the hypothetical question took into account Augustyn's limitations as recognized by the ALJ. Indeed, the ALJ specifically followed up with the VE and asked whether unskilled, simple work is available for a person who needs piecemeal work without any type of production goals. This was sufficient to address Augustyn's limitations.

The hypothetical question as it was framed by the ALJ, limiting Augustyn to simple, unskilled piecemeal work, adequately accounted for her limitations. *See Latare v. Comm'r of Soc. Sec.*, No. 08-13022, 2009 WL 1044836, at *3 (E.D. Mich. April 20, 2009) ("Unskilled work, by definition, is limited to understanding, remembering and carrying out only simple instructions and requiring little, if any, judgment."). Therefore, Augustyn's objection to the MJRR regarding the hypothetical question is without merit.

**B. The ALJ's Credibility Determination**

Augustyn argues that the ALJ erred when assessing her credibility. Specifically, Augustyn says that the ALJ's rejection of her testimony about the severity of her concentration limitations, based in part because she was persistent in seeking treatment, was in error. The Court disagrees.

As the MJRR details, the ALJ's finding that Augustyn's concentration limitations were not as severe as she reported was not based solely on Augustyn's persistence in pursuing treatment:

> In this case, there is ample evidence supporting the ALJ's credibility determination. The ALJ thoroughly analyzed the record evidence, including plaintiff's assertions and

10

> descriptions of her conditions, and properly noted inconsistencies with plaintiff's testimony and the record evidence. The ALJ's finding that plaintiff's persistence in pursuing treatment established her ability to maintain focus when necessary is just one of the ALJ's credibility findings. The ALJ also noted that plaintiff's lengthy work history undermined her credibility regarding her claim that her impairments were disabling. The ALJ also noted that although plaintiff testified that she stopped taking Adderrall because she was on two different stimulants, the Oakland University Counseling Center (OUCC) report indicated that plaintiff stopped taking Adderrall for two months specifically for the purpose of attenuating her reported ADHD symptoms for the testing she was to undergo through OUCC, which the ALJ found suggests a significant ability to focus and concentrate on her desire to obtain academic accommodations for her anticipation of graduate studies. The ALJ concluded that based on the OUCC report, it appears that plaintiff "was very methodical in presenting herself and pursuing a medical basis to establish that she was an individual who suffered from disabling cognitive and psychological impairments." The ALJ noted that the OUCC report indicates that plaintiff was "aspiring to change careers" and was hoping to "matriculate into a graduate program with mental health counseling that would allow her to specialize in working with individuals with learning disabilities," which the ALJ found to be contrary to plaintiff's testimony that she did not desire to pursue a graduate degree. The ALJ further noted that "contrary to [plaintiff's] suggestion that she lacked motivation and often arrived to work just within allowable limits, the report indicated that she consistently arrived on time to her appointments with OUCC." Finally, the ALJ also noted in her decision plaintiff's reports as to the activities in which she engaged: bowling, swimming, attending church weekly for about three hours, attending a monthly Bible Study group and social events such as family gatherings and weddings, driving short trips, and babysitting her niece for a couple of hours at a time.

(Doc. 16 at 31–32) (internal citations to record omitted).

The MJRR was correct in giving great deference to the ALJ's credibility determination which was supported by substantial evidence. *See Kirkland v. Comm'r of Soc. Sec.*, ___ F. App'x ___, 2013 WL 2233881, at \*1 (6th Cir. 2013) (citing *Gayheart v.*

11

*Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) ("We review only whether the ALJ applied the correct legal standard and made findings supported by substantial evidence in the record.").

## VI. CONCLUSION

For the reasons stated above, the MJRR (Doc. 16) is ADOPTED, Augustyn's motion for summary judgment (Doc. 11) is DENIED, the Commissioner's motion for summary judgment (Doc. 15) is GRANTED, and the Commissioner's decision denying benefits is AFFIRMED. The ALJ's decision is supported by substantial evidence and will not be disturbed.

SO ORDERED.

                                         s/Avern Cohn  
                                         AVERN COHN  
                                         UNITED STATES DISTRICT JUDGE

Dated: September 19, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 19, 2013, by electronic and/or ordinary mail.

                                         s/Sakne Chami  
                                         Case Manager, (313) 234-5160